United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Isaac Lopez, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-23569-Civ-Scola |
| Commissioner of Social Security, | ) |
| Defendant. | ) |
| | ) |

## Order Adopting Report and Recommendation

This matter was referred to United States Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. (ECF No. 2.) Judge Torres issued a Report and Recommendation (the "Report") on the Plaintiff and the Defendant's cross motions for summary judgment. (ECF No. 34.) In his report, Magistrate Judge Torres recommends that the Court deny the Plaintiff's motion for summary judgment (ECF No. 25) and grant the Defendant's motion for summary judgment (ECF No. 30.) The Plaintiff timely objected to Judge Torres's report (ECF No. 35) and the Defendant responded to the Plaintiff's objections (ECF No. 36). Having conducted a *de novo* review of the entire record and the applicable law, the Court **overrules** the objections (**ECF No. 35**) and **affirms and adopts** Magistrate Judge Torres's Report (**ECF No. 34**). The Court **grants** the Defendant's motion for summary judgment (**ECF No. 30**) and **denies** the Plaintiff's motion for summary judgment (**ECF No. 25**).

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989) (alterations omitted). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath,* 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the

magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

The Court's review of the Administrative Law Judge's ("ALJ") decision is limited to an inquiry into whether there is substantial evidence in the record to support the ALJ's findings, and whether the correct legal standards were applied. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, but less than a preponderance," rather it is such evidence "as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). As long as the ALJ's findings are supported by substantial evidence, they are conclusive, and the Court must defer to the ALJ's decision even if the evidence may preponderate against it. *See Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158-59 (11th Cir. 2004).

The Plaintiff raises nine objections to the Magistrate Judge's Report. The objections are as follows: 1) the Report improperly found that the ALJ properly considered and weighed Dr. Ginart's neurological narrative report and opinion; 2) the Report improperly found the ALJ provided sufficient rationale to reject Dr. Ginart's opinion on the Form N-648; 3) the Report was incorrect in finding the ALJ properly relied on Dr. Troiano's opinion; 4) the Report improperly found the ALJ was justified in affording little weight to the opinions of Dr. Carrasco and Dr. Torres; 5) the Report improperly found that Dr. Borrego's examination "documented some abnormalities" but otherwise "was normal"; 6) the Report improperly found the ALJ provided sufficient rationale for discrediting Dr. Gonzalez Diaz's opinion; 7) the Report improperly provided "new reasons" the ALJ could have used to reject Dr. Sierra's opinion; 8) the Report incorrectly concludes that ALJ did not make independent medical findings; and 9) the Report improperly finds that the ALJ's decisions were consistent with SSR 16-3p. (ECF No. 35.) In response to the Plaintiff's objections, the Defendant argues the Plaintiff's objections put forth "the same arguments and evidence he set forth in prior pleadings" and therefore the Defendant noted that he chooses to rest on his prior pleadings. (ECF No. 36.)

The Court begins by taking Plaintiff's first and second objections, relating to Dr. Ginart, together. Upon review of the Report and the record, the Court agrees with Magistrate Judge Torres that the ALJ "gave an abundance of reasons for why Dr. Ginart's opinions should be assigned . . . little weight." (ECF No. 34, at 12.) The Court further agrees with the Report's assessment that the "ALJ gave reasons that applied to all of Dr. Ginart's opinions including inconsistencies in his reports, his status as a non-treatment provider, his failure to consider the longitudinal

record, and his lack of familiarity with the agency's disability program" as reasons the ALJ gave little weight to Dr. Ginart's work. (ECF No. 34, at 13 n.5; ECF No. 15, at 73.) Indeed, Magistrate Judge Torres in his Report appropriately summarized why, under the applicable legal standards, it was appropriate for the ALJ to assign little weight to Dr. Ginart's work as a whole. (ECF No. 34, at 8-10 (Summarizing standard to determine whether substantial evidence supports the weight assigned to medical opinions.)

Turning to the third objection, the Plaintiff argues that the ALJ improperly relied on Dr. Troiano's opinion. The Court disagrees that the ALJ's reliance on Dr. Troiano's opinion was improper. As stated in the Report[1], state medical consultants like Dr. Troiano are considered experts in social security disability programs and their opinions may be entitled to greater weight. (ECF No. 34, at 14 n.7.) The ALJ's reliance on Dr. Troiano's opinion, however, was not limited to her status as a state medical consultant. As noted in the ALJ's opinion, the ALJ found that Dr. Troiano's opinion was "consistent with the overall record, . . . explained her opinion and supported it with references to objective medical evidence." (ECF No. 15, at 76; ECF No. 34, at 14-15.)

With respect to the Plaintiff's fourth objection, the Court again finds the Report well-reasoned. Contrary to the Plaintiff's assertion that the ALJ's findings are "unclear and inconsistent with the evidence of the record," the Court finds that once again the ALJ explained why the opinions of Dr. Corrasco and Dr. Torre were discounted. Indeed, the ALJ stated these opinions were discounted because "the statements are not consistent with the physician's own clinical findings," that they "are inconsistent with the normal interictal EEG, reports of mild symptoms, and other opinions that he only [h]as non-exertional limitations," among other reasons stated in the ALJ's decisions. (ECF No. 15, at 72.) For reasons stated above with respect to objections one and two, the Report appropriately summarizes why it was appropriate for the ALJ to discount Dr. Corrasco and Dr. Torre's opinions based on these findings, consistent with applicable law. The Court makes similar findings with respect to the Plaintiff's fifth, sixth, and seventh objections relating to Dr. Borrego, Dr. Sierra, and Dr. Gonzalez Diaz's opinions. For reasons much the same as those stated with respect to the Plaintiff's first, second, and fourth

---

[1] The Court notes that while the Report makes reference to Social Security Ruling 96-6p, Rule 96-6p was rescinded and replaced on March 27, 2017 by Social Security Ruling 17-2p. Nonetheless, the principle that state medical consultants be given particular weight remains true under the current rule. *See Youngblood v. Saul*, No. 19-0247-MU (S.D. Ala. 2020) (discussing Social Security Ruling 17-2p and noting "state agency consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight over the opinion of a one-time examining physician if their opinions are supported by the evidence in the record."); *see also* 20 C.F.R. §§ 404.1527(e), 404.1513a.

objections, the Court finds the Report's analysis on these issues to be cogent and compelling.

Turning next to the Plaintiff's eight objection, the Court again disagrees with the Plaintiff's objection and agrees with Magistrate Judge Torres in finding that the ALJ did nothing more than reconcile inconsistent medical opinions. In reviewing the Report and the ALJ's opinion, "there is no evidence that the ALJ usurped the role of a doctor because she merely weighed the medical opinions in light of the other evidence in the record" and "substantial evidence supports the weight that she gave to each medical professional for the reasons stated." (ECF No. 34, at 26); *see Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016) (ALJ did not "usurp the role of a physician" when discharging with responsibility to resolve conflicting medical opinions).

Finally, the Court turns to the Plaintiff's final objection, that the ALJ's findings are inconsistent with Social Security Ruling 16-3p. The Court agrees with the Magistrate Judge that the ALJ's findings are supported by the record and agrees that substantial evidence fully supports the ALJ's credibility determinations. *Ybarra*, 658 F. App'x at 540 ("Credibility determinations are the province of the ALJ, and will not be overturned unless not supported by substantial evidence.").

In short, the Court finds the Report, in its entirety, to be cogent and compelling. Accordingly, the Court **affirms and adopts** Magistrate Judge Torres's Report and Recommendation (**ECF No. 34**). The Court **grants** the Defendant's motion for summary judgment (**ECF No. 30**) and **denies** the Plaintiff's motion for summary judgment (**ECF No. 25**). The Court directs the Clerk to **close** this case. All pending motions, if any, are **denied** as moot.

**Done and ordered** in chambers, at Miami, Florida, on November 9, 2020.

_____
Robert N. Scola, Jr.
United States District Judge